**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| GLENN H. STEPHENS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:15cv726 |
| | ) | |
| TINA QUARLES, | ) | (Formerly Falls Church General |
| | ) | District Court, No. GV15-85) |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Local Rule 7(F)(1), defendant, the United States of America, through its undersigned counsel, hereby respectfully submits the instant memorandum of law in support of its motion to dismiss in the above-captioned matter.

**INTRODUCTION**

In this civil action recently removed from the Falls Church General District Court, plaintiff Glenn Stephens – who was assigned as the employee of a private contractor to the United States Department of Agriculture ("USDA")'s Office of Adjudication, Office of the Assistant Secretary for Civil Rights, as an Equal Employment Opportunity ("EEO") Specialist – alleges that a government employee at the USDA's Office of Adjudication defamed him. Pursuant to the provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988,[1] *see* 28 U.S.C. § 2679(d), the United States Attorney for the Eastern District of Virginia has certified that the former named defendant – Tina Quarles – was acting within the scope of her employment as an employee of the Government at the time of the events giving rise

---

[1] Because Congress promulgated this statute in response to the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292 (1988), some courts have referred to the statute as the "Westfall Act." *See, e.g., Wilson v. Jones*, 902 F. Supp. 673, 675 (E.D. Va. 1995).

to plaintiff's claim. As such, the United States of America has now been substituted by operation of law as the party defendant. Because this action now proceeds pursuant to the provisions of the Federal Tort Claims Act, *see* 28 U.S.C. §§ 1346(b); 2671-80, this Court lacks subject matter jurisdiction over plaintiff's defamation claim because he has failed to present an administrative claim to the USDA prior to bringing this action, *see id.* § 2675(a), and, in any event, the United States has not waived its sovereign immunity and allowed itself to be sued for claims arising out of allegations of defamation. *See id.* § 2680(h).

## FACTUAL BACKGROUND

1.  This case involves a defamation claim filed in the General District Court for the City of Falls Church, via a Warrant in Debt, by plaintiff Glenn Stephens against Tina Quarles. *Warrant in Debt*, Defendant's Exhibit (hereinafter "DEX") 1. The instant Warrant in Debt filed presents a single cause of action for defamation *per se* under Virginia common law. *Id.*

2.  Although that Warrant in Debt is sparse on facts, to provide a slight modicum of context for this Court, the United States attaches plaintiff's pending EEO complaint, dated May 22, 2015, which alleges discrimination and harassment based on race and reprisal against Dona Marshall, Acting Chief of the Employment Investigation Division, and Tina Quarles, former Acting Team Lead of the Employment Investigation Division. *See Declaration of Candace B. Glover*, attached as DEX 2, Exhibit A.[2]

3.  In his EEO Complaint, dated May 22, 2015, plaintiff alleges that he was assigned as the employee of a private contractor to the Office of Adjudication's Employment Investigations Division ("EID") as an EEO Specialist ("EOS"). *Id.* at 1. Quarles previously served as "Acting

---

[2] For privacy reasons, the names of individual EEO cases have been redacted from the plaintiff's complaint.

-2-

Team Lead" within the EID. *Id.* at 2. Plaintiff Stephens alleges that "[s]ince March Tina Quarles has harassed me on the basis of race (no black EOS was similarly bullied) with verbal, [sic] gossip, unfair criticism, and the misrepresentation of my work to Dona [Marshall] and others." *Id.*

4.     On June 6, 2015, on the basis of a certification of scope of employment signed by the United States Attorney for this district, the instant action was removed from the General District Court for the City of Falls Church to this Court (ECF No. 1). Concomitantly with this motion, the United States has filed the aforementioned certification of scope of employment and a paper recognizing the substitution – as a matter of law – of the United States as party defendant for former individual defendant Quarles. *See* 28 U.S.C. § 2679(d)(2); *see also Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1153 (4th Cir. 1997) (holding that "[t]he Attorney General's certification is conclusive unless challenged").[3] These common law causes of action are

---

[3] In *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995), the Supreme Court held that a plaintiff may seek judicial review of the Justice Department's certification by challenging the propriety of the certification, *see id.* at 436-37; until such a challenge is made, the United States Attorney's "certification is conclusive," *Gutierrez*, 111 F.3d at 1157, and no action need be taken to defend the propriety of the certification. Insofar as each of the operative events in the instant matter allegedly occurred in the District of Columbia, the *respondeat superior* law from that jurisdiction governs the relevant scope inquiry. *See Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 663 (D.C. Cir. 2006). District of Columbia law follows the Restatement (Second) of Agency (1958) (the "Restatement") in defining the scope of employment. *Id.* According to the D.C. Circuit, an act is within scope of employment under District of Columbia law if it was of the same general nature as that authorized by the employer or incidental to authorized duties. *See id.* at 664 (internal citations omitted). Although, pursuant to well-established Fourth Circuit authority, the United States will await a challenge from plaintiff to discuss the veracity of United States Attorney's certification, *see Gutierrez*, 111 F.3d at 1153 (explaining scope challenge procedure), Quarles' alleged defamatory actions (*e.g.*, critiquing plaintiff's work product) derived from or were incidental to her position as an EOS and "Acting Team Lead" over a group of coworkers and clearly well within the scope of her employment. *See Ballenger*, 444 F.3d at 664-65 (holding that Congressman Cass Ballenger's allegedly defamatory statements in response to questions posed by the media were incidental to the kind of conduct he was employed to perform); *see also Burrell v. United States*, 2001 WL

therefore presently pending against the United States under the provisions of the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 2679(d)(2) ("Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."); 2679(d)(4) (providing that ensuing FTCA action "shall be subject to the limitations and exceptions applicable to those actions").

## ARGUMENT

The United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Pittston Co. v. United States*, 199 F.3d 694, 701 (4th Cir. 1999). The FTCA serves as a limited waiver of the United States's sovereign immunity, *see Medina v. United States*, 259 F.3d 220, 223-24 (4th Cir. 2001), as it authorizes the United States to be held liable in tort "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Nevertheless, Congress has promulgated a number of exceptions to this limited waiver of sovereign immunity, each of which serves as a limitation on the jurisdiction of this Court, and must be strictly construed in favor of the United States. *See Medina*, 259 F.3d at 223-24; *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996). The instant motion relates to two such exceptions – (1) the requirement that a putative plaintiff first present an administrative claim to the relevant agency prior to seeking relief in this Court; and (2) the so-called "intentional torts proviso" of 28 U.S.C.

---

34047380, at *3 (E.D. Va. Oct. 24, 2001) (finding that where the actions underlying the litigation arose because the employee was acting in a supervisory capacity over the plaintiff and there was no evidence of an independent, external and personal motive, the employee was acting in his official capacity under state law).

§ 2680(h), which bars liability against the United States for certain intentional torts putatively committed by its employees.

## I. PLAINTIFF HAS NOT PRESENTED A PROPER FTCA ADMINISTRATIVE CLAIM TO THE USDA

Pursuant to the FTCA, the prerequisite to this Court's jurisdiction over any claim brought pursuant to its provisions is plaintiff's prior presentment of an administrative claim to the allegedly responsible agency and the denial of that claim by the agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 111 (1993); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (holding that presentment requirement of § 2675(a) is "jurisdictional and may not be waived"). As indicated by the attached declaration, plaintiff has failed to present an administrative claim to the USDA[4] – the appropriate agency for

---

[4] Plaintiff's pending EEO complaint is insufficient to satisfy the jurisdictional requirements of filing an administrative claim under the FTCA. "Section 2675(a) of Title 28 and 28 C.F.R. § 14.2(a) require two elements for sufficient presentment of a claim to an agency: 1) written notice sufficient to cause the agency to investigate, and 2) a sum-certain value on the claim." *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (citing *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)). Assuming *arguendo* that the allegations contained within the plaintiff's EEO complaint were sufficient written notice to cause the USDA to investigate a putative personal injury claim, plaintiff never made such a claim against the agency and no sum certain was ever demanded, as required under 28 C.F.R. § 14.2(a). *See Ahmed*, 30 F.3d at 517. This deficiency is fatal to the instant action; the FTCA requirement of filing an administrative claim *prior* to initiating an action in court "is jurisdictional and may not be waived." *Id.* at 516 (quoting *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir. 1986)).

his putative FTCA claim. *See* Glover Decl., ¶ 7 (attached at DEX 2).[5] Because plaintiff did not present an administrative claim to the USDA, let alone wait until the USDA denied that claim before filing his instant warrant in debt, this Court should dismiss his FTCA action against the United States for a lack of subject matter jurisdiction. *See Brown v. United States*, 933 F. Supp. 2d 780, 787 (E.D. Va. 2013) (dismissing a defamation claim originally brought against an FBI employee by a co-worker who failed to comply with the FTCA requirements to present that administrative claim to the FBI for consideration and denial *prior* to filing an action).

II. **THE UNITED STATES HAS RETAINED ITS SOVEREIGN IMMUNITY FOR THE CLAIMS PRESENTED IN PLAINTIFF'S WARRANT IN DEBT**

Typically, the dismissal of a FTCA action on the basis of a plaintiff's failure to comply with the administrative presentment requirement is entered *without* prejudice, such that plaintiff might have an opportunity to comply with the statute's provisions. *See* 28 U.S.C. § 2679(d)(5) (explaining circumstances in which litigant's late presentment of administrative claim after dismissal remains timely in cases of certification and substitution under the Westfall Act). But under the circumstances, there exists no reason to encourage plaintiff to expend the time and resources to generate and file an administrative claim with the USDA because this Court would lack subject matter jurisdiction over that claim even after plaintiff properly filed his administrative claim and awaited the denial of the same. Pursuant to the so-called "intentional tort proviso" of the FTCA:

The provisions of this chapter and section 1346(b) of this title shall not apply to –

---

[5]In analyzing motions to dismiss for lack of subject matter jurisdiction, it is well-settled that this Court is entitled to review materials outside the pleadings without converting the proceeding to one for summary judgment. *See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005); *Velasco v. Government of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander*, misrepresentation, deceit, or interference with contract rights . . . .

28 U.S.C. § 2680(h) (emphasis added); *see also Medina*, 259 F.3d at 224 (terming § 2680(h) the "intentional tort proviso"). Given the clear statutory language, there can be little doubt that plaintiff's claim for defamation *per se* – the sole claim presented through plaintiff's warrant in debt – falls within the ambit of this retention of sovereign immunity. *See Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002); *see also Brown*, 933 F. Supp. 2d at 783, n. 4, 786 (noting the inclusion of intentional torts in its analysis of the Government's sovereign immunity).

## CONCLUSION

For the foregoing reasons, this Court should dismiss the instant claim against the United States of America in the above-captioned action for a lack of subject matter jurisdiction.

        Respectfully submitted,

        DANA J. BOENTE
        UNITED STATES ATTORNEY

*By*:         /s/
        AYANA N. FREE
        Assistant United States Attorney
        United States Attorney's Office
        Justin W. Williams Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3785
        Fax:   (703) 299-3983
        Email: ayana.free@usdoj.gov

DATE: June 16, 2015         ATTORNEYS FOR THE UNITED STATES

        OF COUNSEL:
        Brandi A. Peters
        Senior Counsel, U.S. Department of Agriculture

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I served an exact and true copy of the foregoing on the plaintiff proceeding *pro se* by causing it to be deposited in the United States Mail, first class postage prepaid, addressed to the following:

> Glenn H. Stephens, III
> 210 E. Fairfax Street, Apt 302
> Falls Church, Virginia 22046
> *Plaintiff pro se*

/s/
_____
AYANA N. FREE
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3785
Fax:    (703) 299-3983
Email: ayana.free@usdoj.gov

DATE: June 16, 2015                    ATTORNEYS FOR THE UNITED STATES