# DEFENDANT'S EXHIBIT 3

2001 WL 34047380
Only the Westlaw citation is currently available.
United States District Court,
E.D. Virginia.

Charles Davis BURRELL, Plaintiff,
v.
UNITED STATES OF AMERICA, et al., Defendants.

No. Civ.A. 3:01CV333.    |    Oct. 24, 2001.

### MEMORANDUM OPINION

WILLIAMS, Senior J.

**\*1** Plaintiff Charles Davis Burrell brought this action against Burden Sykes, the Department of Defense, the Department of the Army, and the United States, alleging that he was assaulted and battered by Burden Sykes while employed as a bus driver for Pro–Temps of Richmond and assigned to the Transportation Motor Pool at Fort Lee, Virginia. The matter was referred pursuant to 28 U.S.C. § 636(b) to the United States Magistrate Judge for the handling of all pretrial motions. On September 24, 2001, the United States Magistrate Judge issued a Report and Recommendation addressing defendant United States of America's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, and the plaintiff's motion for leave to amend his complaint and motion for evidentiary hearing.

### I. PROCEDURAL HISTORY

The Magistrate Judge recommended that the Court adopt the following proposed opinion as the opinion of the Court.:

> This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1) for a report and recommendation on several pretrial motions. Defendant has filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The Plaintiff opposes dismissal and has also filed a Motion for Leave to Amend his Complaint and a Motion for Evidentiary Hearing.

### Facts

Plaintiff filed a Complaint alleging that while he was employed as a bus driver for Pro–Temps of Richmond and assigned to the Transportation Motor Pool at Fort Lee, Virginia, he was assaulted and battered by the dispatcher, Burden Sykes, on May 21, 1999. Compl. ¶¶ 5, 6–7, 11. Plaintiff alleges that at the time of the incident, Sykes was an "American soldier,"[1] while on U.S. Government property and conducting business as a U.S. government employee. Compl. ¶¶ 3, 6–7, 9, 14. Plaintiff names Sykes, the Department of Defense, the Department of the Army and the United States as defendants.

### Procedural History

Plaintiff filed a Complaint in this Court on May 22, 2001. The record reflects, and Plaintiff concedes, that Plaintiff has not filed an administrative claim relating to the incident under the Federal Tort Claims Act. (Decl. of Joseph H. Rouse, attached as Ex. 3 to Defs.' Mot. Dismiss). Defendants filed a Motion to Dismiss together with the Attorney General's certification that Sykes was acting within the scope of his employment when the incident occurred. (Ex. 1 attached to Defs.' Mot. Dismiss). Plaintiff not only filed an opposition to Defendants' motion to dismiss and substitute the United States for Sykes, but he also filed a Motion to Amend his Complaint in order to dismiss the Departments of the Army and Defense. He also filed a Motion for an Evidentiary Hearing to develop evidence to rebut the Attorney General's certification.

### Standard of Review

Dismissal is proper under Fed.R.Civ.P. 12(b)(1) where, accepting as true all the non-conclusory factual allegations in the complaint, the federal court lacks subject matter jurisdiction as a matter of law. Dismissal is proper under Fed.R.Civ.P. 12(b)(6) where, taking as true all the allegations in the complaint, the Plaintiff can prove no set of facts or state a claim upon which relief may be granted. *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957).

**\*2** After a responsive pleading is filed, leave to amend a complaint shall be freely granted when justice so requires.Fed.R.Civ.P. 15(a). However, where an amendment is dilatory, will result in prejudice to the defendant, is offered in bad faith or is futile, the Court

may refuse to grant leave to amend. *Ward Electronics Serv., Inc. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir.1987)(citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

The district court may, within its discretion, hold an evidentiary hearing upon motion by a Plaintiff opposing the certification of the Attorney General that a federal employee was acting within the scope of his employment for purposes of substitution. *Guttierrez de Martinez v. Lomagno,* 515 U.S. 417, 433–435 (1995). However, such a hearing should not be conducted unless the certification, pleadings, affidavits and supporting documents reveal there are issues of material fact that may overcome the *prima facie* evidence established by the Attorney General's certification. *Gutierrez de Martinez v. Drug Enforcement Administration,* 111 F.3d 1148, 1155 (1997).

**Analysis**

The three pending motions are interrelated and require contemporaneous resolution. First, the Court is confronted with deciding who or what is the proper party defendant. Plaintiff claims that he is the victim of the common law tort of assault and battery committed by an agent of the United States. To bring a suit against an agent or employee of the United States who is acting within the scope of his duties while on U.S. government property and conducting business of the United States, a plaintiff's exclusive remedy is within the Federal Torts Claims Act (FTCA).28 U.S.C. § 2679(b)(1). The FTCA requires that upon certification by the Attorney General of the United States that a defendant employee was acting within the scope of his office or employment at the time of the incident, such litigation "shall be deemed an action against the United States under the provisions of [the FTCA] and the United States shall be substituted as the party defendant."28 U.S.C. § 2679(d)(1). Therefore, the United States has moved to dismiss Sykes as a defendant and to substitute itself pursuant to its certification. 28 C.F.R. § 15.3. Plaintiff opposes the substitution by challenging the certification and arguing that Sykes could not be acting within the scope of his duties because he committed an intentional tort.

Relying on non-binding district court authority outside this circuit, Plaintiff argues that where an intentional tort is alleged, a defendant cannot be fairly within the scope of his duties.*Whytosek v. Rademan,* 903 F.Supp 842 (E.D.Pa.1995)(following an evidentiary hearing, the district court found that a postal supervisor who unlawfully touched a postal worker under his supervision was not acting within the scope of his duties). While certification by the Attorney General is not conclusive, it is *prima facie* evidence that Sykes acted within the scope of his employment and thus the burden is shifted to the Plaintiff to prove by a preponderance of the evidence that the act was outside the scope of employment. *Gutierrez de Martinez v. Drug Enforcement Administration,* 111 F.3d at 1153. Plaintiff argues, in effect, that an intentional tort such as assault and battery can never be within the scope of employment by definition. Citing*Whytosek v. Rademan,* 903 F.Supp 842. However, to determine whether an act is within the scope of employment, the Court must analyze the act under the law of *respondeat superior* in Virginia.*Gutierrez de Martinez v. Drug Enforcement Administration,* 111 F.3d at 1155.

*3 In Virginia, an act is within the scope of employment if it was (1) "expressly or impliedly directed by the employer" or was "naturally incident to [its] business"; and (2) "performed with the intent to further the employer's interest" and was not "wholly from some external, independent and personal motive."*Brittingham v. United States,* 972 F.Supp. 1014, 1017 (E.D.Va.1997)(citing *Kensington Assocs. v. West,* 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987) (citations omitted)). In Virginia, this question is so broadly viewed that even intentional torts may be within the scope of employment. *Gutierrez de Martinez v. Drug Enforcement Administration,* 111 F.3d at 1156. The Court is therefore required to focus on the context in which the assault occurred and whether it arose from personal, independent and external motives. *Brittingham v. United States,* 972 F.Supp. at 1017.

In this case, Plaintiff alleges that the incident occurred at the Transportation Motor Pool offices, that Sykes was his supervisor, and that the act occurred during regular business hours while both men were performing their duties—all factors which tend to show that Sykes was within the scope of his employment. *Id.* However, Plaintiff asserts that Sykes was motivated by personal animus toward him, though he concedes that he can show no proof other than his personal belief that Sykes wanted to exercise supervisory authority over him in an impermissible way. Because Sykes was acting in a supervisory capacity and there is no evidence

of an independent, external and personal motive, the non-conclusionary allegations demonstrate that Plaintiff cannot meet his burden to establish that Sykes was acting in other than his official capacity. *Borneman v. United States,* 213 F.3d 222, 237 (4th Cir.1994). Therefore, Sykes is properly dismissed as a defendant and the United States is properly substituted pursuant to the FTCA.

The United States has also moved to dismiss the Departments of the Army and Defense because they are improper party defendants. *Blackmar v. Guerre,* 342 U.S. 512, 515 (1952). In his motion for leave to amend the complaint, Plaintiff concedes these government agencies are not proper parties. Because the Court lacks jurisdiction over these parties and the Plaintiff does not oppose it, dismissal of the Departments of the Army and Defense is also proper, resulting in the United States remaining as the only defendant.

Furthermore, because Plaintiff has failed to introduce any evidence or supportable argument to overcome the Attorney General's certification or rebut the affidavits submitted by the United States, and because of the law of *respondeat superior* in Virginia, an evidentiary hearing is not warranted. *See Gutierrez de Martinez v. Drug Enforcement Administration,* 111 F.3d at 1155 (explaining the factors a court should weigh in deciding whether to exercise its discretion to hold an evidentiary hearing despite a certification). Therefore, Plaintiff's Motion for Evidentiary Hearing should be DENIED.

 *4 There are two reasons why Plaintiff's claim against the United States may not stand: (1) the United States has not waived its immunity where the underlying cause of action arises from a claim of assault and battery; and (2) Plaintiff has failed to exhaust his administrative remedies under the FTCA which is a complete jurisdictional bar. *See* 28 U.S.C. § 2680(h)(exempting assault and battery from scope of FTCA waiver); *Plyler v. United States,* 900 F.2d 41, 42 (4th Cir.1990)(the filing of an administrative claim may not be waived).

Even construing the complaint most liberally in favor of the *pro se* Plaintiff, a claim for negligent supervision would not even lie if the activity complained of in the underlying action renders the United States immune. *United States v. Perkins,* 55 F.3d 910, 916–917 (4th Cir.1995)(dismissal with prejudice is proper where the underlying actions of the tortfeasor are immune, "there would be no cause of action for negligent supervision at all .").

The United States is immune from lawsuits except where it has expressly waived its sovereign immunity. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). Under the FTCA, the United States has waived its immunity in certain cases. However, Plaintiff must have availed himself of the administrative process and exhausted all of his remedies under the FTCA before filing a cause of action in this court. *Muth v. United States,* 1 F.3d 246, 249 (4th Cir.1994). Failure to follow such a procedure would normally result in dismissal without prejudice. However, in this case, the tort of intentional assault and battery is not one of the torts where the United States has waived its sovereign immunity and therefore no cause of action will lie because the United States is immune to this suit. *See* 28 U.S.C. 2680(h).

Because Plaintiff has failed to exhaust his administrative remedies, his claim must be dismissed. Furthermore, because Plaintiff cannot sustain a claim under the FTCA for assault and battery, the claim can never survive. Therefore, it is recommended that the United States' Motion to Dismiss be GRANTED and that the case be DISMISSED WITH PREJUDICE.

Finally, while leave to amend shall be freely given when justice so requires, for the reasons already set forth, Plaintiff's proposed amendment cannot overcome the intrinsic defects of his case whereby he has failed to exhaust his remedies and he cannot sustain a claim under the FTCA. Therefore, since any amendment would be futile, it is also proper to recommend that the Motion for Leave to Amend be DENIED. *Ward Electronics Serv., Inc. v. First Commercial Bank,* 819 F.2d at 497.

### Conclusion

For the reasons stated in this report, it is recommended that (1) Plaintiff's Motion for Leave to Amend be DENIED; (2) Plaintiff's Motion for Evidentiary Hearing be DENIED; (3) and Defendant's Motion to Dismiss be GRANTED.
Report and Recommendation, September 24, 2001. The parties were given notice that they could file objections within ten (10) days after being served with the Report and Recommendation. The plaintiff filed objections to which the defendant responded.

## II. STANDARD OF REVIEW

**\*5** "The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court."*Estrada v. Witkowski,* 816 F.Supp. 408, 410 (D.S.C.1993) (citing *Mathews v.. Weber,* 423 U.S. 261, 270–71 (1976)). This Court "shall make a *denovo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."28 U.S.C. § 636(b)(1)(C)."The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."*Thomas v. Arn,* 474 U.S. 140, 147 (1985).

The plaintiff objects to the dismissal of Mr. Sykes as a defendant and the substitution of the United States pursuant to 28 U .S.C. § 2679(d)(1). He makes four arguments in support of his objection.

Mr. Burrell's first argument is that *Westfall v. Erwin,* 484 U .S. 292 (1988), narrowed the scope of immunity for the commission of torts by federal employees acting within the scope of their employment, and that Mr. Sykes should therefore be personally liable in tort because he cannot show that he was exercising governmental discretion at the time of the conduct in question. As noted by the government's response, the *Westfall* decision was overruled by enactment of the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679. *SeeGutierrez de Martinez v. Drug Enforcement Administration,* 111 F.3d 1148, 1152 (4th Cir.1997). Therefore, Mr. Burrell's reliance on the decision is misplaced. This argument is without merit and the objection based on it is overruled.

Mr. Burrell's other three arguments are related. Mr. Burrell argues: (1) that an evidentiary hearing is necessary to determine whether an intentional tort falls within the scope of employment; (2) he disputes the Attorney General's certification that Mr. Sykes was acting within the scope of his employment; and (3) he objects to the application of Virginia's rule of *respondeat superior* to these facts. Mr. Burrell asserts that Mr. Sykes' actions arose out of personal malice rather than out of a motive to further the master's interests, that they were not within the scope of his employment, and that Mr. Sykes should be personally liable for his actions and the United States should not be substituted as the defendant.

Under Virginia law, in determining whether an act was within the scope of employment, a court looks at (1) whether there was any express or implied direction from the employer or whether the act was naturally incident to the business; and (2) whether the act was performed with intent to further the employer's interest rather than for some independent, personal motive. *SeeBrittingham v. United States,* 972 F.Supp. 1014, 1017 (E.D. Va 1997). In this case, the plaintiff himself alleges that Mr. Sykes was his supervisor and that the act in question occurred at the Transportation Motor Pool offices during regular business hours while both men were performing their duties. The only evidence Mr. Burrell presents to contradict the Attorney General's certification consists of his own allegations and personal belief that Mr. Sykes acted impermissibly.

**\*6** A district court may conduct an evidentiary hearing on the question of whether an action falls within a federal employee's scope of employment, but a court should exercise its discretion to do so only if a genuine issue of material fact exists. *SeeGutierrez de Martinez,* 111 F.3d at 1155. Moreover, the plaintiff's evidence must be more than speculation and conclusory allegations. *Seeid.*To rebut the certification, evidence must be specific and must contradict the Attorney General's certification. *Seeid.*Additionally, the question of scope of employment is reviewed broadly in Virginia and it is possible even for intentional torts to be within the scope of employment. *Seeid.* at 1156.

The plaintiff in this case fails to meet his burden of establishing that Sykes acted other than in his official capacity. Mr. Burrell's arguments regarding the Attorney General's certification, an evidentiary hearing, and the application of Virginia law fail to support his objection to the substitution of the United States for the defendant Sykes pursuant to 28 U.S.C. § 2679(d)(1). Therefore, the plaintiff's objection is overruled.

## III. CONCLUSION

Upon review of the record, the Magistrate Judge's findings, and the objections, the Report and Recommendation will be accepted and adopted.

An appropriate Order shall issue.


### *FINAL ORDER*

In accordance with the accompanying Memorandum Opinion, it is hereby ORDERED that:

1. The Report and Recommendation is ACCEPTED and ADOPTED.

2. The objections filed by the plaintiff Charles Davis Burrell are OVERRULED.

3. Plaintiff's motion for leave to amend is DENIED.

4. Plaintiff's motion for an evidentiary hearing is DENIED.

5. Defendant's motion to dismiss is GRANTED, and the case is DISMISSED WITH PREJUDICE.

Plaintiff is advised that he has the right to appeal the decision of the Court. Should he wish to do so, written notice of appeal must be filed with the Clerk of the Court within sixty (60) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the right to appeal.

Let the Clerk send a copy of the Memorandum Opinion and Order to all counsel of record and to the Plaintiff who is pro se.

It is so ORDERED.

---

Footnotes

1   At the time of the alleged incident, Sykes was not a member of the armed forces but a federal, civilian employee of the motor pool. (Defs.' Mot. Dismiss at 2, n. 1).

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.