# PLAINTIFF'S EXHIBIT 1



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

**The Special Counsel**

May 18, 2015

The President
The White House
Washington, D.C. 20510

Re: <u>OSC File Nos. DI-14-2558, DI-14-4627, and DI-15-0001</u>

Dear Mr. President:

    Pursuant to my duties as Special Counsel, enclosed please find the U.S. Department of Agriculture's (USDA) report based on disclosures of wrongdoing at the Office of the Assistant Secretary for Civil Rights (OASCR), Washington, D.C. The Office of Special Counsel (OSC) has reviewed the report and, in accordance with 5 U.S.C. §1213(e), provides the following summary of the allegations and our findings.

    Three USDA OASCR employees, Gayle Petersen, the former branch chief of the Corporate Services Division (CSD), Nadine Chatman, a CSD program manager, and Lawrence Albert, an early resolution specialist, alleged that OASCR managers engaged in conduct that may constitute a violation of law, rule, or regulation; gross mismanagement; and an abuse of authority. The whistleblowers alleged that OASCR managers did not take timely action on Equal Employment Opportunity (EEO) civil rights complaints filed against high level USDA officials, that the organizational structure of OASCR violated EEO management directives and USDA regulations, and that senior OASCR managers directed the intentional deletion of EEO complaints filed against USDA senior management.

    The agency substantiated these allegations in part, concluding that almost 50 percent of civil rights complaints filed against high level USDA officials were not acted on within the legally required time frame. The report further substantiated that OASCR's use of contractors to process complaints filed against high level USDA officials violated USDA regulations. However, the investigation did not reveal any evidence indicating that these complaints were intentionally delayed or deleted by OASCR managers. In response to these findings, the agency has reduced complaint processing times and is working to implement case review processes that do not violate regulations.

    I have reviewed the agency's reports and the whistleblowers' comments and determined that the agency's findings are partially unreasonable. While the agency implemented reasonable corrective actions that appear to resolve the identified

**The Special Counsel**

The President
May 18, 2015
Page 2 of 6

**wrongdoing moving forward, these actions do not provide redress for already aggrieved employees. The agency should consider reviewing cases to determine whether harm resulted from delays, and how affected individuals could be made whole. Further, the reports demonstrate that OASCR has been seriously mismanaged, thereby compromising the civil rights of USDA employees.**

The whistleblowers' allegations were referred to Secretary Thomas J. Vilsack to conduct an investigation pursuant to 5 U.S.C. §1213(c) and (d). Secretary Vilsack referred the allegations to the USDA Office of the Inspector General (OIG). On November 18, 2014, Secretary Vilsack submitted the agency's report to OSC. OSC determined that this report was not responsive to the statutory requirements of 5 U.S.C. §1213(d) and requested a supplemental report. Secretary Vilsack submitted a supplemental report on February 2, 2015. Pursuant to 5 U.S.C. §1213(e)(1), Ms. Petersen and Ms. Chatman provided comments on the agency report on March 23, 2015. Mr. Albert declined to file comments. As required by 5 U.S.C. §1213(e)(3), I am now transmitting the reports and the whistleblowers' comments to you.[1]

### I. The Whistleblowers' Disclosures

OASCR is responsible for ensuring compliance with federal civil rights laws including Title VI and VII of the Civil Rights Act of 1964. OASCR also serves as a secure channel for individuals to file EEO complaints against the agency. CSD is a unit within OASCR and is responsible for reviewing EEO complaints filed against USDA officials to determine whether conflicts of interest exist. Conflicts occur when EEO complaints are filed against department-level management, an employee of the Office of the Secretary, or an employee of other civil rights offices within USDA.

<u>Failure to Act on EEO Complaints</u>

Under EEO regulations, an agency must conduct an impartial and appropriate investigation into an EEO complaint within 180 days of filing, unless an extension is agreed upon by the claimant and agency. *See* 29 CFR § 1614.108. If this deadline is not met, the agency is subject to sanctions, such as attorney's fees or default judgments. *See* 29 CFR § 1614.109(f)(3).

---

[1] The Office of Special Counsel (OSC) is authorized by law to receive disclosures of information from federal employees alleging violations of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. 5 U.S.C. § 1213(a) and (b). OSC does not have the authority to investigate a whistleblower's disclosure; rather, if the Special Counsel determines that there is a substantial likelihood that one of the aforementioned conditions exists, she is required to advise the appropriate agency head of her determination, and the agency head is required to conduct an investigation of the allegations and submit a written report. 5 U.S.C. § 1213(c). Upon receipt, the Special Counsel reviews the agency report to determine whether it contains all of the information required by statute and that the findings of the head of the agency appear to be reasonable. 5 U.S.C. § 1213(e)(2). The Special Counsel will determine that the agency's investigative findings and conclusions appear reasonable if they are credible, consistent, and complete based upon the facts in the disclosure, the agency report, and the comments offered by the whistleblower under 5 U.S.C. § 1213(e)(1).

**The Special Counsel**

The President
May 18, 2015
Page 3 of 6

The whistleblowers discovered a number of EEO complaints in the USDA case management system that exceeded the 180-day limit for investigation, without an agreed extension. Ms. Petersen determined that many outstanding complaints were filed against Winona Lake Scott, the associate assistant secretary for civil rights; Frederick Pfaeffle Arana, the deputy assistant secretary for civil rights; Joe Leonard Jr., the assistant secretary for civil rights; plus USDA management officials in Human Resources, Labor Relations, and the Office of General Counsel. The whistleblowers asserted that there were over 100 unresolved cases filed against these individuals, some of which were unaddressed for up to five years.

<u>Improper Oversight of CDS</u>

Relevant EEO directives state: "Agencies must avoid conflicts of position or conflicts of interest as well as the appearance of such conflicts" and the agency director of the EEO process "must ensure that there is no conflict or appearance of conflict of interest in the investigation of complaints." *See* MD-110 §1 (III) and §6 (IV)(A). USDA policy states: "All employment discrimination complaints will be resolved without exposure to conflicts of position, conflicts of interest, or the appearance of such conflicts. To ensure compliance with the requirement and to maintain the integrity of the EEO complaint program, all functions related to personnel actions will be kept separate from the EEO complaint process." *See* USDA 4300-007 §3(b)(6).

Ms. Petersen and Ms. Chatman alleged that as the acting director of CSD, Ms. Scott had access to information on all complaints filed against USDA management, including those filed against her, Mr. Leonard, and Mr. Arana. The whistleblowers alleged that Ms. Scott, by virtue of her position in CSD, had access to USDA systems containing case information and dispositions. This information includes claimants' names, personal information, and their reasons for filing. Ms. Petersen and Ms. Chatman explained that because conflict cases reviewed in CSD involved individuals in OASCR, it was inappropriate and in violation of law and agency policy for Ms. Scott to be directly involved in the management of those complaints.

In addition, Ms. Petersen noted under OASCR processes, when complaints were identified as conflicts, they were transmitted to Innovative Management Solutions (IMS), a contract vendor tasked with providing conflict complainants with alternative dispute resolution services, EEO counseling, reports of investigation and final agency decisions. Ms. Petersen asserted that because Ms. Scott served as a USDA technical representative to IMS, she had inappropriate access to information concerning the progress of complaints filed against her and other USDA managers even when they are transferred to IMS for processing.

The Special Counsel

The President
May 18, 2015
Page 4 of 6

Improper Destruction of Records

Ms. Petersen also alleged that a number of complaints filed against Ms. Scott and other senior USDA mangers had been removed, deleted, or otherwise disappeared from the USDA complaint tracking system. Ms. Petersen explained that she and several coworkers filed discrimination complaints against USDA senior managers. When status updates were requested, no associated files were found. A subsequent review indicated that these files had been completely removed from the USDA complaint system or were closed.

According to Ms. Petersen, the deletion of these complaints violates USDA regulations requiring the appropriate preservation of agency records. *See* USDA DR 3080-001. These complaints are considered federal records, and the unauthorized removal of such records is prohibited by law and subject to penalty. *See* DR 3080-001 § 7(k)(5).

## II. The Agency's Report and Supplemental Report

The report substantiated that a large number of EEO complaints had not been acted on in a timely manner. The investigation revealed that from November 2009 through September 2014, OASCR received 231 complaints filed against senior USDA managers, including thirteen filed against Ms. Scott or other OASCR officials. Overall, 112 of these complaints, including at least five filed against Ms. Scott or another OASCR official, were not investigated and reported on within the 180-day time limit established by law. The report noted that from fiscal year 2010 until fiscal year 2013, on average, eighty-one percent of complaints filed against USDA senior managers were not acted on in a timely manner. In addition, the report explained that approximately five percent of these complaints were filed against Ms. Scott or other OASCR officials. The supplemental report explained that in FY2014, OASCR made substantial changes within CSD, including instituting new standard operating procedures to emphasize processing time. The supplemental report explained that in 2014, no EEO complaints filed against USDA or OASCR managers exceeded the 180-day time limit.

The investigation substantiated OASCR's use of contractors to process conflict of interest complaints violated USDA regulations. The report contained sworn statements from Tami Trost, the assistant general counsel for Civil Rights, in which Ms. Trost asserted that based upon her interpretation of MD-110, OASCR took proper steps to avoid the appearance of a conflict of interest, by transferring cases to IMS when conflicts were presented. However, the report explained that while OASCR's use of contractors to process these complaints did not directly violate MD-110, the practice violated provisions of USDA Department Regulation DR-4300-09. This regulation requires that USDA enter into memoranda of understanding with other federal agencies to process complaints filed against the Civil Rights Director, or other senior USDA managers, rather than sending these complaints to contractors.

**The Special Counsel**

The President
May 18, 2015
Page 5 of 6

      Supplemental information provided by the agency explained that in response to this identified deficiency, OASCR began a comprehensive update to internal EEO complaint processing regulations, and that all current EEO complaints filed against senior USDA or OASCR leadership are being handled by an outside federal agency. The supplemental report explained that OASCR intends to finalize agreements with several federal agencies in fiscal year 2015 to ensure that this practice continues.

      With respect to the allegations asserting that complaints were intentionally delayed or deleted, the report noted that the investigation did not reveal any evidence of deliberate interference with EEO complaints filed against senior USDA or OASCR managers. The report attributed complaint file anomalies to server and power failures.

### III. The Whistleblowers' Comments

      Ms. Petersen and Ms. Chatman objected to the content and structure of the report. Both Ms. Petersen and Ms. Chatman indicated that the investigative findings contained in the report confirmed their original allegations. However, both stated that the report featured a number of omissions and characterized it as substandard and barely adequate given the statutory requirements.

<u>Ms. Petersen's Comments</u>

      Ms. Petersen stated that because OASCR is responsible for protecting the civil rights of USDA employees, this office should be held to a higher standard of professional conduct. She acknowledged that the report properly indicated that there were a large number of EEO complaints filed against USDA and OASCR management that were over 180 days old. She further reported that issues concerning improper conflict management processes within OASCR were confirmed. Ms. Petersen noted that under proposed revisions to MD-110, released in January 2014, OASCR's current organizational structure would constitute a conflict of interest. She objected to the investigation's finding that complaints were not improperly deleted. She stated that the testimony of important witnesses was improperly omitted from the report, and management's explanations and responses were evasive.

<u>Ms. Chatman's Comments</u>

      Ms. Chatman likewise questioned the integrity of the EEO process administered by OASCR. She noted that an EEO report released in September 2014 indicated that the EEOC reversed and accepted 46 percent of USDA EEO complaints that had been dismissed by the agency.[2] She asserted that this high reversal rate coupled with the failure of OASCR to provide timely review of complaints created a chilling effect which dissuaded aggrieved USDA employees from filing complaints. Ms. Chatman further

---

[2] See: Preserving Access to the Legal System: Common Errors by Federal Agencies in Dismissing Complaints of Discrimination on Procedural Grounds September 15, 2014 http://www.eeoc.gov/federal/reports/dismissals.cfm

**The Special Counsel**

The President
May 18, 2015
Page 6 of 6

stated that the USDA EEO complaint process was compromised by mismanagement and infighting between senior OASCR managers.

### IV. The Special Counsel's Findings

I have reviewed the original disclosure, the agency reports, and the whistleblowers' comments. I have determined that the reports contain all the information required by statute. However, the agency's findings are partially unreasonable. As the whistleblowers noted, OASCR is tasked with protecting the civil rights of all USDA employees. As such, this office should set the standard not only for processing claims, but also for creating an environment free of discrimination. Rather than leading this effort, the report confirmed that OASCR has an unusually high number of complaints filed against its own leadership. In addition, almost half of these complaints were not acted on in a timely manner, and even when they were addressed within the legally mandated period, they were processed in a manner that violated agency regulations. While the report did not reveal any intentional wrongdoing, it demonstrated that OASCR has been seriously mismanaged, thereby compromising the civil rights of USDA employees.

Given the seriousness of these concerns, the corrective actions appear to only partially resolve the identified wrongdoing. While they adequately address the management and conduct of OASCR going forward, the proposed corrective actions do not provide sufficient redress for affected individuals. The agency should consider reviewing cases to determine whether harm resulted from delays and how affected individuals could be made whole. As required by 5 U.S.C. §1213(e)(3), I have sent copies of the agency reports and the whistleblowers' comments to the Senate Committee on Agriculture, Nutrition, and Forestry, and the House Committee on Agriculture. I have also filed copies of the agency reports and whistleblowers' comments in our public file, which is available at www.osc.gov. OSC has now closed this file.

Respectfully,

Carolyn N. Lerner

Enclosures