IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GLENN H. STEPHENS, III, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:15cv726 |
| TINA QUARLES, | ) (Formerly Falls Church Virginia<br>) General District Court No. GV15-85) |
| Defendant. | ) |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AND EVIDENCE TAMPERING

Pursuant to Local Rule 7(C)(1) the Plaintiff respectfully requests that the Court issue sanctions to Ms. Free for her intentional posting of the Plaintiff's PII on PACER. The Plaintiff moves that the Court issue additional sanctions to Ms. Free for her evidence tampering.

### Local Rule 7(C)(2)

LOCAL CIVIL RULE 7
. . . .
(C) Personal Identifiers
. . . .
(2) The responsibility for redacting personal identifiers rests solely with counsel and the parties. . . . Counsel and the parties are cautioned that failure to redact these personal identifiers may subject them to sanctions.

### Personally Identifiable Information

OMB Memorandum M-07-16 (May 22, 2007) provides in part:

> Safeguarding personally identifiable information in the possession of the government and preventing its breach are essential to ensure the government retains the trust of the American public. This is a responsibility shared by officials accountable for administering operational and privacy and security

1

programs, legal counsel, Agencies' Inspectors General and other law enforcement, and public and legislative affairs. It is also a function of applicable laws, such as the Federal Information Security Management Act of 2002 (FISMA) and the Privacy Act of 1974.

OMB Memorandum M-07-16 defined PII as:

> [I]nformation which can be used to distinguish or trace an individual's identity, such as their name, social security number, biometric records, etc. alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc.

OMB Memorandum M-10-23 (June 25, 2010), defines PII:

> The definition of PII is not anchored to any single category of information or technology. Rather, it requires a case-by-case assessment . . . In performing this assessment, it is important for an agency to recognize that non-PII can become PII whenever additional information is made publicly available — in any medium and from any source — that, when combined with other available information, could be used to identify an individual.

A Department of Justice webpage states "PII includes: name, email, home address and phone number, etc." See http://www.justice.gov/eoir/electronic-filing.

### Ms. Free's Breach of the Privacy Act

On June 16, 2015, USDA employee Candace Glover released, without my consent, an unredacted version of my EEO Counseling Intake Form to Department of Justice employee U.S. Attorney Ayana Free. On or about June 16, 2015, Ms. Free entered that unredacted intake form onto PACER. See https://ecf.vaed.uscourts.gov/doc1/18916495543 and Plaintiff's Exhibits 1, 2.

The unredacted form released by Ms. Glover and posted online by Ms. Free contains my name, part of my employment history, my personal e-mail address, my home address, and my home phone number. Even assuming, for the sake of argument, that standing alone my name or home address or home phone number or email address were PII, this combination is PII.

Although the Plaintiff complained earlier about the release of my intake form earlier, it did did not occur to the Plaintiff until July 5, 2015 that Ms. Free might have uploaded

2

*unredacted* the intake form, and the PII contained therein, onto PACER. When the Plaintiff checked on PACER the Plaintiff found that Ms. Free had done exactly that.

Thus, due to Ms. Free unlawful posting of his PII, the Plaintiff's PII has been posted on PACER for anyone with a PACER account to access since on or around June 16, 2015.

Sanctions are not only appropriate, but needed, because Ms. Free's violation of the Privacy Act and posting of Plaintiff's PII was knowing and intentional. Not accidental.

Ms. Free's recent documentary submissions in this case (see for example attached) prove that she is aware of the need for redaction of PII and other confidential information. In Exhibits 1 and 2, Ms. Free redacted the name of an EEOC complainant and other information related to his or her complaint. Although this information is not PII, it is confidential and is properly redacted from documents on PACER. Therefore, Ms. Free cannot claim a lack of knowledge of applicable redaction rules and cannot claim she does not know how, what or when to redact.

Ms. Free fastidiousness about redaction of the EEO case information in Exhibit 2 contrasts with her laxness toward Plaintiff's EEOC case information, particularly his PII-containing EEO Counseling Form. Apparently, for Ms. Free, whether one releases EEO case information depends on whose ox is being gored, not application law, regulations and guidance. Because her posting of PII was intentional, the Court should sanctionMs. Free.

Ms. Free's chicanery is not limited to intentional posting of Plaitiff's PII online. Her highly selective redactions also redacted non-confidential, non-PII information for documents she entered into evidence in the record of this case. Although names are not PII and work emails are not PII, Ms. Free deleted a number of names and emails from record documents. For example, in Plaintiff's Exhibit 1 to this brief, she redacted the name and work address of Michelle Griffin. That information is not PII or confidential, yet it was redacted by Ms. Free.

In Plaintiff's Exhibit 2, Ms. Free tampered with this evidence by redacting information dispositive in this case – the name of the person who was assigned the case - Ms. Griffin (redaction 1), the name of the Acting Team Lead - Tysan Williams (redaction 2), the name of the person updating Icomplaints – Jeffrey Chandler (redaction 2). None of that information is PII or confidential. Yet, this information was redacted, while the Plaintiff's PII was not.

Assuming, for the sake of argument, that these three names were properly redacted because Griffin, Williams, and Chandler were involved in this EEO investigation, Ms. Free's redaction of those names cannot be squared with her non-redaction of the Plaintiff's name from the same paragraph. Yet again, Ms. Free's redaction is selective, even, hypocritical.

More importantly, Ms. Free's unwarranted redactions of those three names from the April 10, 2015 email, renders this e-mail – *the main piece of evidence in this case* – utterly useless to the Court. This email is the incident that formed the basis of Plaintiff's Small Claims actions GV 15-54 and GV 15-85 (unbeknownst to Ms. Free and Mr. Boente until on or after June 16, 2015). This e-mail is the defamatory conduct alleged and material for several issues before the Court. Ms. Free's redactions gutted the evidentiary value of this crucial piece of record evidence.

The Plaintiff moves that the Court issue sanctions to Ms. Free for evidence tampering and order her to provide the Court with the unredacted documents for *in camera* review.

Respectfully submitted,

By: [signature]

Glenn H. Stephens, III Ph.D.
210 East Fairfax Apartment 302
Falls Church, VA 22046
Tel: (202) 258-6521
Email: drghs3@gmail.com

DATE: July 10, 2015

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I served an exact and true copy of the foregoing on the counsel for Defendant by causing it to be deposited in the United States Mail, addressed to the following:

>AYANA N. FREE
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>Phone: (703) 299-3785
>Fax: (703) 299-3983
>Email: ayana.free@usdoj.gov

Date: July 10, 2015

*[signature]*
GLENN H. STEPHENS III

Glenn H. Stephens, III Ph.D.
210 East Fairfax Apartment 302
Falls Church, VA 22046
Tel: (202) 258-6521
Email: drghs3@gmail.com