IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GLENN H. STEPHENS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:15cv726 |
| ) | |
| UNITED STATES, ) | (Formerly Falls Church General |
| ) | District Court, No. GV15-85) |
| Defendant. ) | |
| _____) | |

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND EVIDENCE TAMPERING

Pursuant to Local Rule 7(F)(1), defendant, the United States of America, through its undersigned counsel, hereby respectfully submits the instant memorandum of law in opposition to plaintiff's motion for sanctions in the above-captioned matter.

### INTRODUCTION

Plaintiff Glenn Stephens moves the Court to issue sanctions against the United States, and presumably its undersigned counsel, for two specious reasons. First, Stephens contends that the Privacy Act was violated when – as a part of the United States' defense in this litigation – Stephens' Equal Employment Opportunity ("EEO") Counseling Intake Form, which contained his name, part of his employment history, personal e-mail address, home address, and home phone number, was filed with this Court. Second, Stephens alleges the United States' filing with this Court of a copy of the Bill of Particulars and exhibits he filed in state court with redactions of non-party confidential and personal information somehow constitutes "evidence tampering." The United States respectfully requests that the Court deny plaintiff's motion. These ill-considered arguments are wholly unsupported by the law and serve as an imprudent waste of judicial resources.

The disclosure of the Stephens' EEO Intake Form did not violate the Privacy Act. Both the USDA employee's disclosure of the record to the Department of Justice and the latter's subsequent disclosure to this Court fall within the "routine uses" exception of the Privacy Act. *See* 5 U.S.C. § 552a(b)(3). Moreover, as this Court found in its Order denying Plaintiff's First Motion to Strike, *see* Dkt. No. 18, none of the disputed personal information is protected from disclosure by the applicable procedural rules. *See* Fed. R. Civ. P. 5.2; E.D. Va. Local Civil Rule 7(C). Even if this information were protected personally identifiable information ("PII"), as Stephens contends, he waived his right to non-disclosure by voluntarily including this exact same information in his own *pro se* filings.

Second, the disputed redactions protecting the identities of *other* individuals (*i.e.*, those who did not voluntarily elect to present their allegations in a public forum) were a good faith attempt to protect the privacy interests of non-parties whose personal and confidential information had been disclosed by Stephens in his original unredacted state court filing. Five days after the removal of the instant action from the Falls Church General District Court to this Court, Stephens filed a Bill of Particulars in state court, with accompanying exhibits that included confidential Report of Investigation ("ROI") correspondence and internal agency correspondence regarding EEO cases brought by other individuals *not* involved in this litigation. *See* Dkt. No. 10-1. The United States promptly notified this Court and attached a redacted copy of the Bill of Particulars and exhibits, wherein the names and contact information of non-parties were redacted; more importantly, the United States *informed* this Court of the redactions that were made. *See* Dkt. Nos. 10, 10-1. The disputed redactions did not, as Stephens incredulously suggests, "tamper" with any evidence. Even if the Court determines that the redactions were in error, Stephens proffers no shred of factual or legal support that such an error constitutes a sanctionable offense

under Federal Rule of Civil Procedure 11 or this Court's Local Civil Rules. Therefore, the United States respectfully requests the Court deny Stephens' motion for sanctions.

## ARGUMENT

### I. THE DISCLOSURE OF PLAINTIFF'S EEO INTAKE FORM DID NOT VIOLATE THE PRIVACY ACT

Stephens argues that the United States Department of Agriculture ("USDA") and Department of Justice violated the Privacy Act, 5 U.S.C. § 552a, by disclosing an unredacted version of his EEO Counseling Intake Form (hereinafter, the "EEO Intake Form"). Br. at 2. Stephens contends that both the inter-agency disclosure and the uploading of the EEO Intake Form onto the Court's electronic docket system violated his Privacy Act rights by disclosing his name, part of his employment history, his personal e-mail address, home address, and home phone number. *Id*. Neither disclosure violates the Privacy Act.

#### A. The Disclosure of Plaintiff's EEO Intake Form Falls Under the Routine Use Exception to the Privacy Act

Records protected under the Privacy Act may be disclosed under certain statutory circumstances, including under the "routine use" exception. *See* 5 U.S.C. § 552a(b)(3). "An agency's disclosure of a record for a 'routine use' is exempt from the Privacy Act's general prohibition of disclosure." *Fattahi v. Bureau of Alcohol, Tobacco & Firearms*, 186 F. Supp.2d 656, 660-664 (E.D. Va. 2002) (*citing* 5 U.S.C. § 552a(b)(3)), *aff'd*, 328 F.3d 176 (4th Cir. 2003). For a disclosure to qualify as a "routine use," it must first be compatible with the agency's purpose in collecting the record, and second, the disclosure must "be in accordance with a routine use the agency has published in the Federal Register." *Fattahi v. Bureau of Alcohol, Tobacco & Firearms*, 328 F.3d 176, 178 (4th Cir. 2003). The USDA's disclosure of Stephens' EEO Intake Form to the Department of Justice and the subsequent disclosure to this Court both fall within the routine use exception.

The USDA's purpose in collecting official personnel records, *e.g.*, the disputed EEO Intake Form, is articulated in the Federal Register. *See Privacy Act of 1974: Systems of Record*, 49 Fed. Reg. 48071-01 (Dec. 10, 1984), attached as Defendant's Exhibit ("DEX") A. The USDA collects personnel and payroll data records of its current and prior employees as well as its "permittees, cooperators and contractors." *Id*. These personnel records include, but are not limited to, official personnel folders, grievances, complaints and appeals.

The record was disclosed for a purpose that is explicitly compatible with the routine use published in the Federal Register. *See Fattahi*, 186 F. Supp.2d at 660 (citing *Local 2047, Am. Fed'n of Gov't Employees v. Defense Gen. Supply Ctr.*, 573 F.2d 184 (4th Cir. 1978) (information may not be disclosed if not published as a "routine use"). The Federal Register specifies that the routine uses of the records maintained in the system includes referral to the Department of Justice and "a court, magistrate or administrative tribunal, or to opposing counsel in a proceeding before any of the above, of any record within the system which constitutes evidence in that proceeding, or which is sought in the course of discovery…" 49 Fed. Reg. at 48076-48077. Stephens' EEO Intake Form was collected as part of his personnel records and disclosed to the Department of Justice because it was evidence in the instant proceeding. The EEO Intake Form confirmed that the contents of said EEO claim were insufficient to put the USDA on notice that complainant was raising a claim under the Federal Tort Claim Act, 28 U.S.C. §§ 1346(b); 2671-80. *See* Dkt. No. 5, Mot. to Dismiss Br. at 5 n. 4. Accordingly, the EEO Intake Form was attached to a declaration by a USDA employee, and filed with this Court, affirming that: a) Stephens had not filed a pre-requisite FTCA administrative claim with the USDA prior to initiating this litigation in state court; and b) his pending EEO complaint, for which he had waived anonymity, was insufficient to put the USDA on notice of a FTCA claim

under well-settled Fourth Circuit authority. Contrary to the position that Stephens has taken in this litigation about the information available to the Department of Justice for purposes of Westfall Act certification, the EEO Intake Form also provided additional background through the discrimination allegations Stephens raised against the former named defendant in this litigation, USDA employee Tina Quarles. Thus, the EEO Intake Form was appropriately disclosed to the Department of Justice, and ultimately to this Court, under the routine use exception because the record was collected for a compatible purpose and was requested for its relevancy to this litigation. *See NLRB v. U.S. Postal Serv.*, 888 F.2d 1568, 1573 (11th Cir. 1989) (holding that the Post Office was not prohibited from disclosing requested information that was relevant to the proceedings and fell under Privacy Act routine use exceptions for records).

The disclosure of the EEO Intake Form also falls within the list of "routine uses" published by an agency in the Federal Register. *See* 49 Fed. Reg. at 48076-48077. The USDA disclosed Stephens' EEO intake documents and pre-complaint counseling records to the Department of Justice, who then disclosed the information to this Court during litigation wherein the United States is a party to the proceeding. In the instant case, the disclosure qualifies as a "routine use" because the disclosure was compatible with the purpose for collecting the information and the disclosure falls within the plain language of the EEO's published "routine uses." *See Fattahi*, 186 F. Supp. 2d at 663-664.

Even if, as Stephens contends, the disclosure of his EEO Intake Form was not *absolutely* necessary to the United States's defense, and to Court's adjudication of this case, its disclosure was nonetheless appropriate under the routine use exception. Courts have held that a record disclosure need not be "*absolutely* necessary" to qualify for a routine use exception. *See Fattahi*, 328 F.3d at 180 (emphasis in original); *see also NLRB v. United States Postal Serv.,* 128 F.3d

<tr>
<tr>
<tr>
<tr>
<tr>
<tr>

280, 283 (5th Cir. 1997) (holding that, with regard to the disclosure of employees' personnel files, the inquiry into whether the records were "needed" for a particular routine use is similar to the inquiry for determining whether records are 'relevant' "); *NLRB*, 888 F.2d at 1573 (holding that the Privacy Act does not prevent disclosure of the information where the court found "the requested information is relevant" and "that the very use for which the information has been requested is defined as a routine use for the information…").   The EEO Intake Form was appropriately disclosed by the Department of Justice to this Court under the routine use exception because such record disclosures are permissible where the record constitutes evidence in the proceeding, *see* 49 Fed. Reg. at 48076-48077, and the record was relevant, if not absolutely necessary, to establishing that Stephens had not exhausted his administrative remedies prior to initiating this litigation.

Stephens, on the other hand, has demonstrated considerably less concern for the privacy rights of others.  He flagrantly ignored Privacy Act considerations, including specific warnings contained within the very USDA and EEO file materials he filed *unredacted* in state court. Exhibit 7 of Stephens' Bill of Particulars contains excerpted correspondence enclosing a confidential ROI of an individual who, *unlike* Stephens, did not voluntarily enter into litigation concerning their allegations of discrimination.  *See* Dkt. No. 10-1 at 13.  The letter specifies that the contents of the enclosed ROI are "protected by the Privacy Act, which prohibits the unwarranted release of sensitive and confidential information."

> Therefore, access to this ROI is limited to employees within the U.S. Department of Agriculture (USDA) and the Equal Employment Opportunity Commission (EEOC) who have an official need for the information cited therein.  No other use of this report is authorized or permitted.

*Id*.  When Stephens was notified via email that the Bill of Particulars contained unredacted materials that violated the privacy rights of non-parties to this litigation, he dismissively

responded "LOL" (*i.e.*, slang for "laughing out loud")  *See* E-mail from Glenn Stephens to Ayana Free (June 22, 2015, 8:06PM EST) (on file with recipient), attached as DEX B. Paradoxically, Stephens now seeks redress against the United States for an alleged violation of his privacy rights.  Stephens' disclosure indeed violated the privacy rights of non-parties by revealing sensitive and confidential information.  Unlike the EEO Intake Form, which was disclosed in furtherance of litigation involving an EEO complainant against the United States, substituted for a named defendant federal employee, and in compliance with the routine uses published in the Federal Register, Stephens' disclosure revealed sensitive and confidential information about persons who are not parties to this litigation and in a manner that does not comport with the routine uses exceptions specified in the Federal Register.

## B. Plaintiff's Putative- Personally-Identifying Information is Not Protected from Disclosure Under Federal Civil Procedure or Local Civil Rules

Moreover, as this Court found in its Order denying Plaintiff's First Motion to Strike, *see* Dkt. No. 18, none of the disputed personal information is protected from disclosure by the applicable Federal Rules of Civil Procedure or Local Civil Rules.  *See* Fed. R. Civ. P. 5.2; Local Civil Rule 7(C).  Stephens cites Eastern District of Virginia Local Civil Rule 7(C)(2) in support of his argument that the failure to redact personal identifiers may subject counsel to sanctions.  *See* Dkt. No. 17, Mot. for Sanctions Br. at 1.  However, Local Civil Rule 7(C) incorporates Federal Rule of Civil Procedure 5.2, which sets forth instructions for filing a document in federal court "that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial account number."  Fed. R. Civ. P. 5.2.  There are no prohibitions under either Federal Rule of Civil Procedure 5.2 or Local Civil Rule 7 against filing documents that include information that Stephens now maintains is personally-identifiable information ("PII"), *i.e.*, Stephens' name, part of his

employment history, personal e-mail address, home address, and home phone number.

Furthermore, Stephens waived his right to non-disclosure by voluntarily including this exact same information in his own *pro se* motions that he himself filed on the public docket. *See* Dkt. No. 16 (Plaintiff's Motion for Sanctions cover page includes Stephens' name, home address, telephone number and email address). Federal Rule of Civil Procedure 5.2(h) provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." As this Court aptly noted in its Order denying Plaintiff's First Motion to Strike, "[e]ven if that information were protected, plaintiff waived his right to protection by placing his name, personal e-mail address, home address, and home phone number on the first page of the Motion to Strike, and then filing the motion on the public docket." Dkt. No. 18 at 2. Indeed, Stephens could not have proceeded as a *pro se* litigant *without* having to disclose some of the disputed information. *See* Local Civil Rule 7(B) (requiring all pleadings filed by non-prisoner *pro se* litigants to include an address and telephone number).

## II.   COUNSEL DID NOT TAMPER WITH EVIDENCE BY REDACTING NON-PARTY INFORMATION FROM PLAINTIFF'S DOCUMENTS

Prior to filing a copy of Stephens' Bill of Particulars and accompanying exhibits, the United States' undersigned counsel redacted identifying information from non-party confidential Report of Investigation ("ROI") correspondence and internal agency correspondence regarding EEO cases. *See* Dkt. No. 10-1. Stephens argues that the United States' undersigned counsel "tampered" with his Bill of Particulars and accompanying exhibits when the United States attached a copy of the documents originally filed in state court with openly-identifiable redactions to protect confidential and sensitive information. *See* Dkt. No. 17, Br. at 4.

Actually, the United States prominently notified both the Court and Stephens that the

information had been redacted prior to filing and the basis for such redactions.  *See* Dkt. No. 10; DEX B.

> The bill of particulars and accompanying exhibits filed by the plaintiff in state court contain information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a. Accordingly, all personal information, aside from the names of the plaintiff and Ms. Quarles, has been redacted from Exhibit A prior to filing on this Court's public docket."

Dkt. No. 10.  The United States' undersigned counsel merely added gray boxes to a copy of Stephens' Bill of Particulars in an effort to redact the private and confidential names and correspondence information of non-parties.  *See* Dkt. No. 10-1.

The redaction of non-party information in the instant case was not done to improperly alter the underlying documents but, rather, to conform to the United States's Privacy Act obligations.  Stephens does not (and cannot) provide any legal basis for his preposterous assertion that the undersigned counsel's good faith actions – namely, redacting a document to protect the privacy interests of non-parties – are sanctionable under either Federal Rule of Civil Procedure 11 or the Local Civil Rules.  Further, Stephens has not identified any legitimate harm that befell him or any prejudice that he suffered in this litigation through the redactions that the United States made to his Bill of Particulars.

### III. REDACTIONS OF PLAINTIFF'S STATE COURT FILING WERE DONE IN GOOD FAITH AND DO NOT WARRANT SANCTIONS

Stephens argues, without any legal support, that "[s]anctions are not only appropriate but needed" because of the undersigned counsel's alleged "knowing and intentional" violation of the Privacy Act and posting of his PII on this Court's docket.  *See* Br. at 3.  Stephens' request for sanctions is a completely draconian response to a quotidian legal dispute about redactions and privacy concerns.  Even if the Court were to determine that the United States erred in its

redactions of the EEO Intake Form[1] and the Bill of Particulars, there is no evidence that the redactions were taken in bad faith or that the undersigned counsel engaged in any conduct that would otherwise warrant sanctions under Rule 11 or Local Civil Rules.

It has been long recognized that Article III courts possess certain inherent powers, including the power to discipline and punish. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). Because these inherent powers are so potent, courts must exercise them with "restraint and discretion." *Id*. at 44. "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* Federal courts' inherent powers include the ability to sanction litigants' bad faith or contemptuous conduct. *See id*. A court may assess attorney's fees when a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id*. at 45-46 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975), (internal quotations omitted). The Court must "carefully scrutinize" whether any of the allegations warrant sanctions and if the parties have acted in good faith. *See Royal Ins. v. Lynnhaven Marine Boatel, Inc.*, 216 F. Supp. 2d 562, 567 (E.D. Va. 2002) (denying motion for sanctions where there is no evidence of bad faith or otherwise contemptuous conduct).

There is undeniably no evidence that the redactions were executed in bad faith or would otherwise warrant Rule 11 or Local Civil Rule sanctions. The relevant inquiry for Rule 11 sanctions is not the outcome of litigation but instead "whether a specific filing was, if not successful, at least well founded." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 553 (1991). For the reasons stated above in Sections I and II, *supra*, the United States had a well-founded and good faith basis to conclude that: a) its disclosure of EEO Intake

---

[1] Contrary to Stephens' assertion, the EEO Intake Form was redacted for the names of non-party complainants and EEO case references.

Form fell under the routine use exception of the Privacy Act, *see* 5 U.S.C. § 552a(b)(3); b) the redactions of non-party names and confidential information were required under the Privacy Act; and c) Stephens' PII was not protected from disclosure and if so, was waived under Federal Rule Civil Procedure 5.2(h) by Stephens' own disclosure in his pleadings.[2] *See Royal Ins. v. Lynnhaven Marine Boatel, Inc.*, 216 F. Supp. 2d 562, 567 (E.D. Va. 2002) (denying motion for sanctions where there is no evidence of bad faith or otherwise contemptuous conduct).

## CONCLUSION

For the foregoing reasons, this Court should deny the plaintiff's motion for sanctions.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

*By*: _____/s/_____
AYANA N. FREE
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3785
Fax: (703) 299-3983
Email: ayana.free@usdoj.gov

DATE: July 20, 2015        ATTORNEYS FOR THE UNITED STATES

OF COUNSEL:
Brandi A. Peters
Senior Counsel, U.S. Department of Agriculture

---

[2] If the Court determines that the disputed redactions were in error, an appropriate order would be for the parties to provide the Court with an unredacted copy of the documents for an *in camera* review.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I served an exact and true copy of the foregoing on the plaintiff proceeding *pro se* by causing it to be deposited in the United States Mail, first class postage prepaid, addressed to the following:

Glenn H. Stephens, III
210 E. Fairfax Street, Apt 302
Falls Church, Virginia 22046
*Plaintiff pro se*

/s/
AYANA N. FREE
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3785
Fax: (703) 299-3983
Email: ayana.free@usdoj.gov

DATE: July 20, 2015                ATTORNEYS FOR THE UNITED STATES